UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Jerome P. Brown, Union Officer Trustee and Paul Heffernan, Employer Officer Trustee of the New England Health Care Employees Welfare Fund on Behalf of the New England Health Care Employees Welfare Fund, | ) ) ) ) ) | Civil Action No.: 304CV1822AWT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Express Scripts, Inc., | ) | |
| | ) | |
| Defendant. | ) | May 2, 2005 |

## ANSWER OF DEFENDANT, EXPRESS SCRIPTS, INC.

Defendant, Express Scripts, Inc. ("ESI"), by and through its counsel, for its Answer to Plaintiffs' Complaint, respectfully states as follows:

1.      ESI denies the allegations contained in paragraph 1 of the Complaint.

2.      ESI denies that it is a "fiduciary" within the meaning of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), and hence denies that it is subject to claims arising thereunder.  ESI further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint and, therefore, denies the same.

3.      ESI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies the same.

4.      ESI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence in paragraph 4 of the Complaint and, therefore,

denies the same.   ESI denies the remaining allegations contained in paragraph 4 of the Complaint.

5.     ESI denies the allegations contained in paragraph 5 of the Complaint.

6.     ESI admits that it entered into contracts with respect to New England Health Care Employees Welfare Fund (the "Fund"); the contracts are entitled: (1) *Express Scripts, Inc. Managed Mail Service Prescription Drug Program Agreement* (the "1992 Agreement"); (2) *Express Scripts, Inc. Amended and Restated Managed Prescription Drug Program Agreement* (the "1996 Agreement"); and (3) *First Addendum to Express Scripts, Inc. Managed Prescription Drug Program Agreement* (the "1999 Addendum") (collectively the "Contracts").  The Contracts speak for themselves and ESI denies all allegations contained in paragraph 6 of the Complaint in contradiction therewith.   ESI further denies all allegations contained in paragraph 6 of the Complaint not expressly admitted herein.

7.     ESI expressly denies that it "controlled the disposition of the Fund's assets" or that it negotiated contracts with pharmaceutical manufacturers, pharmacies or wholesalers on behalf of the Fund.  ESI further denies the remaining allegations contained in paragraph 7 of the Complaint.

8.     The term "unique expertise" is vague and ambiguous, and thus, ESI states that it is without sufficient knowledge to form a belief as to the truth of Plaintiffs' allegations regarding ESI's purported representations.  ESI admits, however, that it provides quality pharmacy benefit management services, and in order to provide such services, negotiates with drug manufacturers for rebates and with retail pharmacies for discounted pricing.  ESI expressly denies all remaining allegations contained in paragraph 8 of the Complaint.

9.     ESI expressly denies that it acted as a "fiduciary" within the meaning of ERISA and further denies all allegations contained in paragraph 9 of the Complaint.

10.    ESI expressly denies that it is a "fiduciary" within the meaning of ERISA or that it breached any purported duties to the Fund in negotiating a contract with the Fund at arms' length for pharmacy benefit management services or in ESI's subsequent provision of such services to the Fund under the terms of the parties' agreement.

      a.     ESI denies the allegations set forth in paragraph 10(a) of the Complaint;

      b.     ESI denies the allegations contained in paragraph 10(b) of the Complaint;

      c.     ESI denies the allegations contained in paragraph 10(c) of the Complaint;

      d.     ESI denies the allegations contained in paragraph 10(d) of the Complaint;

      e.     ESI denies the allegations contained in paragraph 10(e) of the Complaint; and

      f.     ESI denies the allegations contained in paragraph 10(f) of the Complaint.

11.    ESI admits that Pharmacy Outcomes Specialists conducted an audit on behalf of the Fund relative to the services ESI provided the Fund under the Contracts.  ESI further states that the scope of such audits is governed by the Contracts, the terms of which speak for themselves, and ESI denies all allegations contained in paragraph 11 (and any subparts thereof) of the Complaint in contradiction therewith.  ESI expressly denies all remaining allegations contained in paragraph 11 of the Complaint.

      a.     The Fund improperly asserts conclusory statements in the allegations contained in paragraph 11(a) of the Complaint regarding the purported reasonableness of the Fund's request for information outside of the scope of the terms of the parties'

Contracts governing audits. ESI further denies all remaining allegations of paragraph 11(a);

b. The Fund improperly asserts conclusory statements in the allegations contained in paragraph 11(b) of the Complaint regarding the purported reasonableness of the Fund's request for information outside of the scope of the terms of the parties' Contracts governing audits and ESI's purported "secretly created ... spread." ESI further denies all remaining allegations of paragraph 11(b);

c. The Fund improperly asserts conclusory statements in the allegations contained in paragraph 11(c) of the Complaint regarding the purported reasonableness of the Fund's request for information outside of the scope of the terms of the parties' Contracts governing audits. ESI further denies all remaining allegations of paragraph 11(c);

d. The Fund improperly asserts conclusory statements in the allegations contained in paragraph 11(d) of the Complaint regarding the purported reasonableness of the Fund's request for information outside of the scope of the terms of the parties' Contracts governing audits. ESI further denies all remaining allegations of paragraph 11(d); and,

e. The Fund improperly asserts conclusory statements in the allegations contained in paragraph 11(e) of the Complaint regarding the purported reasonableness of the Fund's request for information outside of the scope of the terms of the parties' Contracts governing audits. ESI further denies that administrative fees due and owing under its contracts with pharmaceutical manufacturers constitute "rebates." ESI denies all remaining allegations of paragraph 11(e).

4

12.    ESI expressly denies that it is a fiduciary within the meaning of ERISA and further denies all other remaining allegations contained in paragraph 12 of the Complaint.

13.    ESI admits that Pharmacy Outcomes Specialists conducted an audit on behalf of the Fund relative to the services ESI provided the Fund under the Contracts.  ESI further states that the scope of such audits is governed by the Contracts, the terms of which speak for themselves, and ESI denies all allegations contained in paragraph 13 (and any subparts thereof) of the Complaint in contradiction therewith.   ESI further denies all remaining allegations contained in paragraph 13 of the Complaint, including its subparts, not expressly admitted herein.

14.    ESI admits that it received Pharmacy Outcomes Specialists' report relative to the audit that it performed.   ESI further admits that the findings contained in said report are erroneous.  ESI further admits that it overpaid the Fund in the amount of $70,521.11.  ESI denies all remaining allegations contained in paragraph 14 of the Complaint not expressly admitted herein.

15.    ESI denies the allegations contained in paragraph 15 of the Complaint.

16.    ESI denies that Plaintiffs, individually, or on behalf of the Fund, are entitled to any of the relief requested in paragraph 16 of the Complaint, including its subparts.

17.    ESI admits that the Court has subject matter jurisdiction.   ESI denies all remaining allegations contained in paragraph 17 of the Complaint not expressly admitted herein.

18.    ESI admits that the Court has personal jurisdiction over ESI.

19.    ESI admits that for this case, venue is proper in this Court.   ESI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint and, therefore, denies the same.

20.     ESI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies the same.

21.     ESI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies the same.

22.     ESI admits that it is a Delaware corporation with its principal place of business at 13900 Riverport Drive, Maryland Heights, Missouri and that it is one of the largest full-service PBM companies in the United States.  ESI states that it provides a full range of Pharmacy Benefit Management ("PBM") services to thousands of different contracting parties such as employers, health maintenance organization ("HMOs"), health insurers and third-party administrators ("TPAs").  In response to the allegations regarding ESI's revenues, ESI states that its Form 10K Reports for the years 1998 to 2003, which are a matter of public record, set forth detailed information concerning ESI's revenues and ESI denies all allegations contained in paragraph 22 of the Complaint that are in contradiction therewith.  ESI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint and, therefore, denies the same.

23.     ESI admits that an employer or health benefit plan may choose to contract with an insurance company, health maintenance organization or other entity  to provide health benefits, including prescription drug benefits, to its employees and their beneficiaries and/or members in exchange for payment of a premium.  ESI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint and, therefore, denies the same.

24.     ESI admits that a sponsor of an employee benefit plan may also choose to self-fund its prescription benefits plan.  ESI expressly denies that it acted as a third party

administrator for the Fund, as that term is known in the pharmacy benefit management industry. ESI further denies all remaining allegations contained in paragraph 24 of the Complaint.

25.     ESI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, denies the same.

26.     ESI admits that it and the Trustees on behalf of the Fund entered into the 1992 Agreement in or around July, 1992.  The 1992 Agreement speaks for itself and ESI denies all allegations contained in paragraph 26 of the Complaint in contradiction therewith.  ESI denies all remaining allegations contained in paragraph 26 of the Complaint not expressly admitted herein.

27.     ESI admits that it and the Trustees on behalf of the Fund entered into the 1996 Agreement in or around July, 1996.  The 1996 Agreement speaks for itself and ESI denies all allegations contained in paragraph 27 of the Complaint in contradiction therewith.  ESI denies all allegations contained in paragraph 27 of the Complaint not expressly admitted herein.

28.     ESI admits that it and the Trustees on behalf of the Fund entered into the 1999 Addendum in or around March, 1999.  The 1999 Addendum speaks for itself and ESI denies all allegations contained in paragraph 28 of the Complaint in contradiction therewith.  ESI denies all allegations contained in paragraph 28 of the Complaint not expressly admitted herein.

29.     ESI expressly denies that it agreed to control the disposition of Fund assets or to negotiate contracts with pharmaceutical manufacturers and retail and mail order pharmacies on behalf of the Fund.  ESI further states that the Contracts speak for themselves and ESI denies all allegations contained in paragraph 29 of the Complaint in contradiction therewith.  ESI denies the remaining allegations contained in paragraph 29 of the Complaint.

30.     ESI admits that the terms of the Contracts provided for ESI to receive certain fees for its services.  The Contracts speak for themselves and ESI denies all allegations contained in

paragraph 30 of the Complaint in contradiction therewith.  ESI denies all allegations contained in paragraph 30 of the Complaint not expressly admitted herein.

31.     The 1999 Addendum speaks for itself and ESI denies all allegations contained in paragraph 31 of the Complaint in contradiction therewith.  ESI denies the remaining allegations contained in paragraph 31 of the Complaint.

32.     ESI admits that it receives revenues in a form other than the fees set forth in the Contracts and states that the receipt of such revenues was fully disclosed to the Fund.  ESI denies all allegations contained in paragraph 32 of the Complaint not expressly admitted herein.

33.     ESI denies the allegations contained in paragraph 33 of the Complaint.

34.     ESI denies that it is a "fiduciary" within the meaning of ERISA and further denies that it exercises authority and control over the disposition of "plan assets" within the meaning of ERISA.  Further, ESI denies that it pays for prescription drugs with "plan assets," as defined under ERISA.  ESI also denies that it negotiates rebates, discounts, and other pricing mechanisms on behalf of the Fund.  ESI denies all remaining allegations contained in paragraph 34 of the Complaint, including any subparts thereof.  Further answering:

a.     ESI admits that it establishes and implements MRA, as that term is defined in the Contracts and in accordance with the terms of the parties' agreements.  ESI denies that it uses "plan assets" to pay for generic drugs and further denies all remaining allegations contained in paragraph 34 (a);

b.     ESI admits that it contracts with First Databank for information, including information relating to the "average wholesale price" of drugs.  ESI denies that it uses "plan assets" to pay for drugs and further denies all remaining allegations contained in paragraph 34 (b);

c.      ESI admits that it contracts with drug manufacturers for, among other things, the payment of market share rebates to ESI.  ESI further admits that, as part of its pricing arrangement with the Fund under the terms of the 1999 Addendum, ESI agreed to pay an amount equal to a portion of those market share rebates with the Fund.  ESI denies that it uses "plan assets" to pay for drugs and further denies all remaining allegations contained in paragraph 34 (c);

d.      ESI admits that it currently maintains a program known as Drug Choice Management (a form of which was previously known as known as Optimed) which clients may elect to participate in for either retail pharmacy claims, mail order pharmacy claims or both.  ESI denies that it uses "plan assets" to pay for drugs and further denies all remaining allegations contained in paragraph 34 (d); and,

e.      ESI denies the allegations of paragraph 34 (e).

35.      ESI denies the allegations contained in paragraph 35 of the Complaint, including its subparts.

36.      ESI denies the allegations contained in paragraph 36 of the Complaint.

37.      ESI admits that it contracts on its own behalf with retail pharmacies, networks and buying groups for discounted prices.  These discounted prices may be greater or less than the fees that the Fund agreed to pay ESI for its services as set forth in the Contracts.  ESI further states that the existence of such a price differential was fully disclosed to and agreed to by the Trustees on behalf of the Fund.  Except as admitted herein, ESI denies the allegations contained in paragraph 37 of the Complaint.

38.    ESI admits that it contracts on its own behalf with retail pharmacies, networks, cooperatives and buying groups for discounted prices.  ESI denies the remaining allegations contained in paragraph 38 of the Complaint.

39.    ESI denies the allegations contained in paragraph 39 of the Complaint.

40.    ESI admits that it remits payments to certain retail pharmacies with which it has contracts according to the terms of those contracts and that its payments may be calculated in part upon the ingredient cost of the drug and a dispensing fee.  Except as admitted herein, ESI denies the allegations contained in paragraph 40 of the Complaint.

41.    ESI admits that it periodically sent invoices to the Fund for monies due ESI as set forth in the Contracts.  The Contracts speak for themselves and ESI denies all allegations contained in paragraph 41 of the Complaint in contradiction therewith.  ESI denies all allegations contained in paragraph 41 of the Complaint not expressly admitted herein.

42.    The terms "ingredient cost" and "Average Wholesale Price ("AWP")" are defined by the terms of the Contracts and ESI denies all allegations contained in paragraph 42 of the Complaint in contradiction therewith.  ESI admits that, pursuant to the terms of the Contracts, AWP was to be determined by First Data Bank Services.  ESI denies all allegations contained in paragraph 42 of the Complaint not expressly admitted herein.

43.    The terms "ingredient cost," "Maximum Allowable Cost ("MAC")," and "Maximum Reimbursement Amount ("MRA")" are defined by the terms of the Contracts and ESI denies all allegations contained in paragraph 43 of the Complaint in contradiction therewith. ESI denies all allegations contained in paragraph 43 of the Complaint not expressly admitted herein.

44.    ESI denies the allegations contained in paragraph 44 of the Complaint.

45.    ESI denies the allegations contained in paragraph 45 of the Complaint.

46.    ESI admits that its contracts with retail pharmacies for discounted pricing may be greater or less than the pricing that the Fund agreed to pay ESI for processing the same prescription.  ESI denies all remaining allegations contained in paragraph 46 of the Complaint.

47.    ESI denies the allegations contained in paragraph 47 of the Complaint.

48.    ESI denies the allegations contained in paragraph 48 of the Complaint.

49.    ESI denies the allegations contained in paragraph 49 of the Complaint.

50.    ESI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and, therefore, denies the same.

51.    ESI denies the allegations contained in paragraph 51 of the Complaint.

52.    ESI denies the allegations contained in paragraph 52 of the Complaint.

53.    ESI denies the allegations contained in paragraph 53 of the Complaint.

54.    ESI denies the allegations contained in paragraph 54 of the Complaint.

55.    ESI admits that in 1990 Congress enacted the Omnibus Budget and Reconciliation Act.  The Act speaks for itself and ESI denies all allegations contained in paragraph 55 of the Complaint in contradiction therewith.

56.    ESI denies the allegations contained in paragraph 56 of the Complaint.

57.    ESI denies the allegations contained in paragraph 57 of the Complaint.

58.    The terms of the Contracts speak for themselves and ESI denies all allegations contained in paragraph 58 of the Complaint in contradiction therewith.  ESI denies all remaining allegations contained in paragraph 58 of the Complaint.

59.     The terms of the Contracts speak for themselves and ESI denies all allegations contained in paragraph 59 of the Complaint in contradiction therewith.  ESI denies all remaining allegations contained in paragraph 59 of the Complaint.

60.     ESI denies the allegations contained in paragraph 60 of the Complaint.

61.     ESI admits that, pursuant to the terms of the Contracts, the Fund agreed that AWP would be determined by First Data Bank.  ESI further admits that it did, in fact, use the AWP reported by First Data Bank.  ESI denies all allegations contained in paragraph 61 of the Complaint not expressly admitted herein.

62.     ESI denies the allegations contained in paragraph 62 of the Complaint.

63.     ESI denies the allegations contained in paragraph 63 of the Complaint.

64.     ESI denies the allegations contained in paragraph 64 of the Complaint.

65.     ESI denies the allegations contained in paragraph 65 of the Complaint.

66.     ESI admits that it can generally provide prescription drug benefits at a lower cost through its mail pharmacy versus claims filled through a retail pharmacy.  ESI denies all remaining allegations contained in paragraph 66 of the Complaint.

67.     ESI denies the allegations contained in paragraph 67 of the Complaint.

68.     ESI admits that it contracts on its own behalf for the purchase of drugs for its mail pharmacies at discounted prices.  ESI further admits that the price that it pays for the purchase of drugs for its mail order pharmacy may be greater or less than the price that the Fund agreed to pay under the terms of its Contracts with ESI.  ESI denies the remaining allegations contained in paragraph 68 of the Complaint.

69.     ESI denies the allegations contained in paragraph 69 of the Complaint.

70.     ESI denies the allegations contained in paragraph 70 of the Complaint.

71.     ESI denies the allegations contained in paragraph 71 of the Complaint.

72.     ESI denies the allegations contained in paragraph 72 of the Complaint, including its subparts.

73.     ESI denies the allegations contained in paragraph 73 of the Complaint.

## COUNT I
## BREACH OF FIDUCIARY DUTY: 29 U.S.C. § 1104(a)(1)(A)

For its response to Count I, ESI states as follows:

74.     ESI incorporates by reference its responses to paragraphs 1 through 73 of the Complaint as though fully set forth herein.

75.     ESI denies the allegations contained in paragraph 75 of the Complaint.

76.     ESI denies the allegations contained in paragraph 76 of the Complaint.

77.     ESI denies the allegations contained in paragraph 77 of the Complaint, including each of its subparts.

78.     ESI denies the allegations contained in paragraph 78 of the Complaint.

79.     ESI denies the allegations contained in paragraph 79 of the Complaint.

## COUNT II
## BREACH OF FIDUCIARY DUTY: 29 U.S.C. § 1106(b)(1)

For its response to Count II, ESI states as follows:

80.     ESI incorporates by reference its responses to paragraphs 1 through 79 of the Complaint as though fully set forth herein.

81.     ESI denies the allegations contained in paragraph 81 of the Complaint.

82.     ESI denies the allegations contained in paragraph 82 of the Complaint, including its subparts.

83.    ESI denies the allegations contained in paragraph 83 of the Complaint.

84.    ESI denies the allegations contained in paragraph 84 of the Complaint.

## COUNT III
## BREACH OF FIDUCIARY DUTY: 29 U.S.C. § 1106(b)(2)

For its response to Count III, ESI states as follows:

85.    ESI incorporates by reference its responses to paragraphs 1 through 84 of the Complaint as though fully set forth herein.

86.    ESI denies the allegations contained in paragraph 86 of the Complaint.

87.    ESI denies the allegations contained in paragraph 87 of the Complaint, including its subparts.

88.    ESI denies the allegations contained in paragraph 88 of the Complaint.

89.    ESI denies the allegations contained in paragraph 89 of the Complaint.

## COUNT IV
## BREACH OF FIDUCIARY DUTY: 29 U.S.C. § 1106(b)(3)

For its response to Count IV, ESI states as follows:

90.    ESI incorporates by reference its responses to paragraphs 1 through 89 of the Complaint as though fully set forth herein.

91.    ESI denies the allegations contained in paragraph 91 of the Complaint.

92.    ESI denies the allegations contained in paragraph 92 of the Complaint, including its subparts.

93.    ESI denies the allegations contained in paragraph 93 of the Complaint.

94.    ESI denies the allegations contained in paragraph 94 of the Complaint.

14

## COUNT V
## BREACH OF THE DUTY OF DUE CARE: 29 U.S.C. § 1104(a)(1)(B)

For its response to Count V, ESI states as follows:

95.    ESI incorporates by reference its responses to paragraphs 1 through 94 of the Complaint as though fully set forth herein.

96.    ESI denies the allegations contained in paragraph 96 of the Complaint.

97.    ESI denies the allegations contained in paragraph 97 of the Complaint, including its subparts.

98.    ESI denies the allegations contained in paragraph 98 of the Complaint.

99.    ESI denies the allegations contained in paragraph 99 of the Complaint.

## COUNT VI
## BREACH OF CONTRACT

For its response to Count VI, ESI states as follows:

100.    ESI incorporates by reference its responses to paragraphs 1 through 99 of the Complaint as though fully set forth herein.

101.    ESI admits that the Court has jurisdiction over this claim.

102.    ESI admits that it is not an ERISA fiduciary.  ESI denies all allegations contained in paragraph 102 of the Complaint, including it subparts, not expressly admitted herein.

103.    ESI denies the allegations contained in paragraph 103 of the Complaint.

104.    ESI denies the allegations contained in paragraph 104 of the Complaint.

## COUNT VII
## CONNECTICUT UNFAIR TRADE PRACTICES ACT

Count VII has been dismissed by the Court. Therefore, the allegations contained in paragraphs 105 to 117 of the Complaint do not require answers. To the extent an answer is required, the allegations contained in paragraphs 105 to 117 of the Complaint are denied.

## COUNT VIII
## ACCOUNTING

For its response to Count VIII, ESI states as follows:

118.    ESI incorporates by reference its responses to paragraphs 1 through 117 of the Complaint as though fully set forth herein.

119.    ESI denies the allegations contained in paragraph 119 of the Complaint.

120.    ESI denies the allegations contained in paragraph 120 of the Complaint. ESI further denies that Plaintiffs are entitled to the relief requested in Plaintiffs' prayer for relief.

## ADDITIONAL DEFENSES

By way of further answer and as affirmative and additional defenses to Plaintiffs' Complaint, ESI states as follows:

1.    Plaintiffs' claims each fail to state a cause of action against ESI upon which relief may be granted.

2.    Plaintiffs' ERISA claims are each barred by the applicable statute of limitations requirement of 29 U.S.C. § 1113.

3.    Plaintiffs' state law claims are pre-empted under ERISA.

4.    Plaintiffs' state law claims are barred by the applicable statute of limitations.

5.    Plaintiffs' claims are barred by the doctrines of waiver, estoppel ratification and laches.

6. Plaintiffs' claims are barred because, if the Fund was damaged, which ESI expressly denies, the Fund failed to mitigate its damages.

7. Plaintiffs' claims are barred because, if the Fund was damaged, which ESI expressly denies, said damages were caused by the actions or omissions of the Fund or its trustees, fiduciaries, agents, or employees or by third parties over which ESI had no responsibility or control.

8. Plaintiffs' claims are barred by set off and/or recoupment.

9. Plaintiffs' ERISA claims are barred because ESI is not a fiduciary under ERISA *vis-a-vis* the Fund: (a) ESI does not perform fiduciary functions with respect to the Fund nor is it a named fiduciary of the Fund; (b) ESI does not have fiduciary duties to the Fund; (c) ESI does not possess or exercise discretionary authority or responsibility or discretionary control with respect to the management, administration, or disposition of assets of the Fund; (d) ESI does not possess power to make decisions with respect to the Fund's policy interpretations, practices or procedures, but instead performs ministerial functions within a framework established by the Fund Trustees; (e) the Contracts contain no terms therein that create or can be construed to create any relationship between ESI and the Fund other than independent contracting parties; (f) to the extent that assets may exist, the Fund, and not ESI, possesses and exercises all authority and control concerning the management and disposition of assets; (g) the Trustees, and not ESI, make all discretionary decisions as to the Fund; (h) ESI did not render investment advice for a fee or other compensation; (i) ESI did not perform a discretionary act when it negotiated contract terms with the Fund at arms' length; (j) ESI did not exercise control over its selection as a pharmacy benefits manager; (k) the services ESI provides to the Fund are not fiduciary functions

within § 2509.75-8 of the Department of Labor regulations; (l) ESI does not have authority to make discretionary determinations; and (m) ESI does not maintain Fund assets.

10.    Plaintiffs' claims are barred by the doctrine of unclean hands.

11.    Plaintiffs' claims are barred because they seek remedies not authorized by the exclusive remedy provisions of ERISA; furthermore, Plaintiffs have failed to utilize their exclusive remedy for their claims.

12.    Plaintiffs' claims are barred, in whole or in part, by the limitation of remedies set forth in the Contracts.

13.    No losses have been sustained by the Fund as a result of any action or inaction on the part of ESI.  In fact, the Fund has benefited from any contracted services.

14.    ESI's actions under the Contracts comply with the intent of the parties in reaching a service provider agreement.  Plaintiffs are essentially requesting that the Court rewrite the Contracts.

15.    Plaintiffs' claims are barred because the Fund has received a net benefit from the acts of ESI in that the Fund lowers its costs and it receives other benefits due to the action of ESI and those benefits exceed the compensation paid to ESI.

16.    Plaintiffs' claims are barred because ESI complied with each of its contractual obligations concerning the Fund.

17.    Any sums received by ESI by virtue of its performance of its obligations under the Contracts are not funds received by a fiduciary; furthermore, they constitute incidental benefits or additional compensation.  Service providers are not prohibited from receiving such payments.  Although ESI does not constitute an ERISA fiduciary, even if it were an ERISA

fiduciary, it is entitled to fair and reasonable compensation. The total compensation received by ESI under its contracts is fair and reasonable.

18.     ESI does not knowingly and intentionally waive any affirmative defenses, and reserves the right to assert any additional affirmative defenses and claims of avoidance as may be appropriate based upon facts or issues disclosed during the course of additional investigation and discovery.

19.     Pursuant to ERISA, ESI is entitled to recover its attorneys' fees and costs incurred in this matter.

WHEREFORE, having fully answered the allegations in Plaintiffs' Complaint, ESI requests that the Court dismiss the Complaint with prejudice, award it costs and attorneys' fees incurred herein pursuant to 29 U.S.C. § 1132(g), and grant such additional relief as the Court deems necessary and proper.

## **COUNTERCLAIM**

Defendant, Express Scripts, Inc. ("ESI"), for its counterclaim against Plaintiffs, Jerome P. Brown and Paul Heffernan on behalf of New England Health Care Employees Welfare Fund (the "Fund"), alleges as follows:

1.     The Court has subject matter jurisdiction over this claim under 28 U.S.C. § 1367 in that ESI's claim against the Fund arises out of the same common nucleus of operative facts upon which Plaintiffs base their ERISA claims.

2.     On or about July 1, 1996, ESI and the Trustees on behalf of the Fund entered into an agreement entitled *Express Scripts, Inc. Amended and Restated Managed Prescription Drug Program Agreement* ("1996 Agreement"), whereby ESI agreed to provide prescription drug

benefit services to the Fund and its members.  In exchange for those services, the Trustees agreed to pay ESI certain fees set forth in the agreement.

3.      Under the terms of the 1996 Agreement, the Trustees expressly acknowledged and agreed that ESI would retain 100% of the market share incentive payments paid by drug manufacturers to ESI.

4.      On or about March 1, 1999, ESI and the Trustees on behalf of the Fund entered into an agreement entitled *First Addendum to Express Scripts, Inc. Managed Prescription Drug Program Agreement* ("1999 Addendum"), to amend certain provisions in the 1996 Agreement.

5.      In the 1999 Addendum, the Trustees acknowledged that ESI received formulary savings and other fees from pharmaceutical manufacturers with respect to certain drugs dispensed to the Fund's members.  The Trustees acknowledged that such payments were in addition to the fees paid by the Fund to ESI.  The Trustees further acknowledged and agreed that, except as otherwise expressly provided in the 1999 Addendum, ESI would retain all such payments from pharmaceutical manufacturers and that the Fund had no right to receive, nor did it possess any beneficial interest in, such payments.

6.      In the 1999 Addendum, ESI agreed to pay the Fund, subject to certain conditions precedent, an amount equal to 85% of a particular fee that it received from certain pharmaceutical manufacturers, namely, "market share incentive payments."

7.      In or around the fall of 2003, Pharmacy Outcome Specialists conducted an audit on behalf of the Fund relative to the services ESI provided to the Fund pursuant to the parties' Contracts.

8.      Pursuant to the audit, ESI learned that it had inadvertently miscalculated the amounts it had paid to the Fund relative to the market share incentive payments that ESI had received from pharmaceutical manufacturers.

9.      As a result of the miscalculation, ESI overpaid the Fund a sum totaling at least $70,521.11.

10.     ESI notified the Trustees of the overpayment.

11.     The Trustees have failed and refused to return the sums overpaid by ESI.

## COUNT I
## MONEY HAD AND RECEIVED

For Count I of its counterclaim against the Fund, ESI alleges as follows:

12.     ESI incorporates by reference the allegations contained in paragraphs 1 through 11 of its counterclaim as though set forth fully herein.

13.     ESI overpaid the Fund under a mistake of fact.

14.     ESI was under no moral or legal obligation to pay the Fund the sums overpaid.

15.     The Fund has no right in good conscience to retain the sums overpaid.

16.     The Fund gave ESI no consideration for the sums overpaid.

17.      The Fund's refusal to return the sums overpaid to ESI has damaged ESI in an amount equal to at least $70,521.11, plus interest.

## COUNT II
## UNJUST ENRICHMENT

For Count II of its counterclaim against the Fund, ESI alleges as follows:

18.     ESI incorporates by reference the allegations contained in paragraphs 1 through 11 of its counterclaim as though set forth fully herein.

19.     The Fund benefited from ESI's overpayment.

20.    The Fund has not paid ESI for this benefit.

21.    The Fund's failure to pay ESI for the benefit has damaged ESI in an amount equal to at least $70,521.11, plus interest.

WHEREFORE, ESI respectfully requests that the Court enter judgment in favor of ESI and against the Trustees of the Fund in an amount to be determined at trial, award it costs and attorneys' fees incurred herein pursuant to 29 U.S.C. § 1132(g), and grant such additional relief as the Court deems necessary and proper.

Respectfully submitted,

JORDEN BURT LLP

By: _____
   Jeffrey L. Williams (ct05446)
   Michael A. Valerio (ct19335)
   Christopher G. Barnes (ct23166)
   175 Powder Forest Dr., Suite 201
   Simsbury, CT 06089-9658
   Tel:  860-392-5000
   Fax:  860-392-5058
   Email:   jlw@jordenusa.com
            mav@jordenusa.com
            cgb@jordenusa.com

and

HUSCH & EPPENBERGER, LLC
   Joseph P. Conran (phv0148)
   Thomas M. Dee (phv0149)
   Arthur L. Smith (phv0051)
   190 Carondelet Plaza, Suite 600
   St. Louis, MO  63105-2441
   Tel:  314-480-1500
   Fax:  314-480-1505
   Email:  arthur.smith@husch.com

Attorneys for Defendant Express Scripts, Inc.

22

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 2nd day of May, 2005, by U.S. mail and electronic mail to the following:

William H. Narwold, Esq.
Ingrid L. Moll, Esq.
MOTLEY RICE LLC
Once Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Ph: (860) 882-1676
Fax: (860) 882-1682
E-mail: bnarwold@motleyrice.com
E-mail: imol@motleyrice.com

W. Michael Gruenloh, Esq. (*Pro Hac Vice*)
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465
Ph: (843) 216-9563
Fax: (843) 216-9430
E-mail: mgruenloh@motleyrice.com

R. Bartley Halloran, Esq.
LAW OFFICES OF R. BARTLEY HALLORAN
74 Batterson Park Road
Farmington, CT 06032
Ph: (860) 676-3222
Fax: (860) 676-3200
E-mail: rhalloran@ldlaw.com

David A. McKay, Esq. (*Pro Hac Vice*)
HERMAN MATHIS CASEY KITCHENS & GEREL
230 Peachtree Street N.W., Suite 2260
Atlanta, GA 30303
Ph: (404) 880-9500
Fax: (404) 880-9605
E-mail: dmckay@hermanmathis.com

Leonard A. Davis, Esq. (*Pro Hac Vice*)
Stephen J. Herman, Esq. (*Pro Hac Vice*)
Maury A. Herman, Esq. (*Pro Hac Vice*)
HERMAN, MATHIS, CASEY, KITCHENS & GEREL, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Ph: (504) 581-4892
Fax: (504) 561-6024
E-mail: ldavis@hermanmathis.com
E-mail: mherman@hermanmathis.com
E-mail: sherman@hermanmathis.com

Attorneys for Plaintiffs

_____
Michael A. Valerio